Per Curiam :
This case was referred pursuant to Rule 37(e) to Herbert N. Maletz, a trial commissioner of this court, with directions to make his recommendation for conclusion of law on defendant’s motion for summary judgment. The commissioner has done so in an opinion filed July 19, 1962, wherein he recommended that the defendant’s motion for summary judgment be denied.
Decision by this court was deferred pending action by the Supreme Court hi the case of United States v. Carlo Bianchi and Co., Inc., 373 U.S. 709. The Supreme Court decided the Bianehi case on June 3, 1963. The decision of the Court was limited to the disputes clause. The final paragraph of the opinion contains the following language:
* * * We hold only that in its consideration of matters within the scope of the “disputes” clause in the present case, the Court of Claims is confined to review of the administrative record under the standards in the Wunderlich Act and may not receive new evidence. We therefore vacate the judgment below and remand the case for further proceedings in conformity with this opinion, [p. 718.]
In the present case the trial commissioner has found that the dispute in question arose 2y2 years after delivery to defendant and payment in full by the defendant to the plaintiff for all the articles covered by the contract and that this was 1% years after the expiration of the guarantee period. He has cited opinions to the effect that, after delivery, acceptance and final settlement, it is too late to raise disputed issues under the disputes clause unless a specific reservation is made at the time of settlement.
But these decisions were rendered under normal contract conditions. We do not agree that disputed issues may not in any case legally arise after the contract has been completed. In cases where there are latent defects in the manufactured articles which could not have been discovered by ordinary *838 diligence, action may be taken within a reasonable time after the latent defects have become known. Likewise in cases where misrepresentations amounting to fraud are alleged, action may be taken within a reasonable time after the fraud has been discovered, or could have been discovered with ordinary diligence.
Each purchase order in the instant case contained a guarantee for a period of 1 year from the date of final acceptance against defective material, design, and workmanship. It provided that final acceptance or rejection of the supplies should be made as promptly as practical after deliveries except as otherwise provided in the contract, but contained the following qualification:
* * * failure to inspect and accept or reject supplies shall neither relieve the Contractor from responsibility for such supplies as are not in accordance with the contract requirements nor impose liability on the Government therefor.
The inspection and test by the Government of any supplies or lots thereof does not relieve the 'Contractor from any responsibility regarding defects or other failures to meet the contract requirements which may be discovered prior to final acceptance. Except as otherwise provided in this contract, final acceptance shall be conclusive except as regards latent defects, fraud, or such gross mistakes as amount to fraud. [Deft’s Ex. 1.]
The evidence taken before the Armed Services Board of Contract Appeals bears on disputed factual issues related to these contractual provisions.
In the light of the Bianchi decision of the Supreme Court, this case is returned to the trial commissioner to determine, on the basis of the administrative record and the provisions of the contracts, whether the decision of the Board of Contract Appeals meets the standards of Public Law 356, 83d Cong., 2d Sess., 68 Stat. 81, 41 U.S.C. §§ 321-322 (the Wunderlich Act).